### Rosa M. Enos *vs.* Manuel Enos.

#### NOVEMBER 17, 1922.

Present: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

Gen. Laws, 1909, cap. 247, § 14, confers authority upon the court to regulate the custody and provide for the education, maintenance and support of children of all persons by it divorced, and the court is not limited as to time and may entertain a motion for custody and support after entry of final decree.

Divorce. Heard on respondent's appeal from decree awarding custody of minor child and support. Appeal dismissed.

Sweeney, J. This cause is before the court on the respondent's appeal from a decree of the Superior Court entered May 7, 1921, whereby the custody of a minor child of the parties was awarded to the petitioner and the respondent was directed to pay her $3.50 each week for the support of said child until further order of court, and denying his motion for the custody of said child.

The record shows that June 1, 1917, the petitioner filed her petition asking for a limited divorce from the respondent, the custody of their two children, and for alimony. January 9, 1920, the respondent filed a motion in the nature of a cross-petition praying for an absolute divorce from the petitioner. April 8, 1920, after a trial, decision was entered granting the respondent an absolute divorce from the petitioner on the ground of desertion and denying her petition for a limited divorce. Final decree was entered in accordance with this decision October 13, 1920, and within one month thereafter the respondent again married. During the pendency of the divorce proceedings the court awarded the custody of the children to the petitioner and ordered the respondent to pay her for their support. Upon the entry of the final decree these payments ceased although the children continued to live with the petitioner. Since then the petitioner has provided for their support and upon the death of one of them paid the funeral and other expenses.

April 13, 1921, the petitioner filed a motion in the Superior Court stating that their child was residing with her and praying that the court order the respondent to pay her a reasonable sum for its support and maintenance. The respondent filed a cross-motion asking for the custody of said child and after a hearing upon these motions a decree was entered granting her motion and denying his.

The respondent has duly prosecuted his appeal to this court from this decree and states as reasons therefor that said decree is against the law because the Superior Court was without jurisdiction in the premises and that it was error to grant the custody of the child to the mother.

In this state jurisdiction in divorce proceedings is purely statutory, *Leckney* v. *Leckney*, 26 R. I. 441; *Sammis* v. *Medbury*, 14 R. I. 214, and our statute, Section 14, Chapter 247, General Laws, 1909, provides, among other things, that the "court may regulate the custody and provide for the education, maintenance, and support of children of all persons by it divorced . . . and may make all necessary orders and decrees concerning the same."

The respondent claims that, because final decree was entered in the Superior Court granting his cross-motion for an absolute divorce and denying her petition for a limited divorce before the filing of her motion for the custody of their child and allowance for its support, said court is without jurisdiction to grant said motion.

(1)    This claim is untenable as express authority is given by the law above quoted authorizing the court to provide for the support of children of all persons by it divorced and to regulate the custody thereof. No limitation as to the time within which such matters must be brought before the court for settlement being contained in the statute, and there being no previous adjudication of the matter of the custody of the child and support thereof, this court is of the opinion that the Superior Court had jurisdiction to enter the decree appealed from. Similar claims have been made against the jurisdiction of the Superior Court to enter decrees allowing alimony upon claims therefor presented after the entry of final decrees and such claims have not been allowed. *Phillips* v. *Phillips*, 39 R. I. 92; *Wilford* v. *Wilford*, 38 R. I. 55; *Warren* v. *Warren*, 36 R. I. 167.

The respondent's claim that the court erred in granting the custody of the child to the petitioner cannot be sustained because, after a careful reading of the transcript of testimony, there appears to be no abuse of judicial discretion in awarding the custody of the child to her. The testimony shows that she has had the custody of the child ever since she filed her petition for divorce, June 1, 1917. It was admitted that she provided a good home for it. The respondent was apparently willing that she should retain the custody of the child so long as he was not required to contribute towards its support. It is only right that he should contribute towards the support of his child and no claim is made that the sum he has been ordered to pay is unreasonable.

The respondent's appeal is dismissed, the decree of the Superior Court appealed from is affirmed, and the cause is remanded to that court for further proceedings.

*Cooney & Cooney*, for petitioner.

*Rosenfeld & Hagan*, for respondent.